## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN LAMBERT,

               Plaintiff,

    v.

ROSS CASTEEL, et al.,

               Defendants.

CIVIL ACTION NO. 1:22-CV-01220

(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court is a motion to dismiss filed by Defendants Ross Casteel ("Officer Casteel") and York City Police Department ("YCPD") (collectively, "Defendants"). (Doc. 13). On August 5, 2022, *pro se* Plaintiff Stephen Lambert ("Lambert") initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants for violations of his right to due process. (Doc. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 16). For the following reasons, the motion to dismiss shall be GRANTED.

### I. BACKGROUND AND PROCEDURAL HISTORY

Lambert initiated this 42 U.S.C. § 1983 action by filing a complaint against Defendants on August 5, 2022. (Doc. 1). According to the complaint, Lambert alleges that on September 28, 2017, at 8:47 p.m., he was sexually assaulted by an unidentified person at the York City Hospital Emergency Room. (Doc. 1, at 4). Although Yidong Chem, MD, is listed as performing a rectal examination on him, Lambert contends the examination was performed by law enforcement personnel, who he believes to be the FBI. (Doc. 1, at 4). Lambert asserts that there was a witness to the examination, Denis Breland, who covered her face and to whom the person conducting the examination said, "I'm sorry." (Doc. 1, at 4). Lambert

claims he attempted to file a sexual assault complaint with the YCPD nearly two years after the alleged assault occurred, but Officer Casteel refused to take his complaint and sternly asked Lambert to leave. (Doc. 1, at 4). Lambert alleges that over a span of three and a half years, YCPD refused to take his complaint on multiple occasions. (Doc. 1, at 4). Further, Lambert claims he attempted to file a complaint on June 12, 2109, several other times in 2019, and in 2020, 2021, and 2022. (Doc. 1, at 4). As relief, Lambert requests punitive damages in the amount of $5 million and that criminal charges be brought against Defendants. (Doc. 1, at 5).

On November 2, 2022, Defendants filed a motion to dismiss, as well as a brief in support. (Doc. 13; Doc. 14). On November 21, 2022, Lambert filed a brief in opposition. (Doc. 15). Defendants' motion to dismiss has been fully briefed and is now ripe for disposition. (Doc. 13; Doc. 14; Doc. 15).

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d

3

1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must

4

permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.   DISCUSSION

Moving to dismiss the complaint, Defendants argue that Lambert has not stated a claim upon which relief may be granted for a violation of due process. (Doc. 13; Doc. 14). Specifically, Defendants argue that Lambert's alleged complaints made in 2019, and any made before August 5, 2020, are barred by Pennsylvania's two-year statute of limitations. (Doc. 14, at 7). Defendants also argue that Lambert's claims should be dismissed because there is no substantive due process right to file a complaint, YCPD is not a suable entity, and Lambert has not pled a *Monell* claim. (Doc. 14, at 5-9). Defendants contend that leave to amend the complaint should be denied as futile. (Doc. 14, at 10). In opposition, Lambert argues that the complaint is timely because he attempted to file the complaint within two years of the relevant incident and that Officer Casteel's refusal to take his complaint is a clear denial of due process.[1] (Doc. 15, at 1-3).

### A.   STATUTE OF LIMITATIONS

Lambert's claims are brought under 42 U.S.C. § 1983, a statute that is not itself a form of constitutional rights, but is instead the statutory vehicle that plaintiffs may use to bring claims alleging violations of the Constitution or other federal law. Section 1983 does contain

---

[1] In the brief, Lambert makes additional allegations describing events that are not presented in the complaint and naming individuals that are not parties to this action. (Doc. 15). Because the Court may only consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," the Court will not address any new assertions of fact contained within Lambert's brief in opposition to the motion to dismiss. *Tellabs, Inc.*, 551 U.S. at 322.

its own statute of limitations, but instead borrows the most applicable statute of limitations under state law. With respect to constitutional claims such as those alleged in this case, it is well-settled that the applicable statute of limitations is that applied to personal injury actions, which in Pennsylvania is two years. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); 42 Pa. Con. Stat. Ann. § 5524. A cause of action accrues for statute of limitations purposes when a plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Smith v. Delaware Cty. Ct.*, 260 F. App'x 454, 455 (3d Cir. 2008). "The determination of the time at which a claim accrues is an objective inquiry," concerned with "what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Application of the statute of limitations is an affirmative defense, and the defendant has the burden of proof on that defense. *See* Fed. R. Civ. P. 8(c)(1); *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989). Although a statute of limitations is ordinarily pleaded as an affirmative defense, a district court may order a complaint dismissed as time-barred where it is obvious from the face of the complaint that the statute of limitations has run and no further development of the factual record would be needed to properly consider the defense's application. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *Robinson v. Johnson*, 313 F. 3d 128, 134-35 (3d Cir. 2002) (permitting a limitations defense to be raised in a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"). However, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the

basis for a dismissal of the complaint under Rule 12(b)(6).'" *Robinson*, 313 F.3d at 134-35 (quoting *Bethel v. Jendoco Constr. Co.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ).

Here, the events giving rise to Lambert's complaint took place on June 12, 2019, when he attempted to file a complaint with Defendants regarding the alleged sexual assault that took place on September 28, 2017. (Doc. 1, at 4). Lambert further claims he made additional attempts to file the complaint in 2020, 2021, and 2022, however, he does not provide any evidence to support this assertion. (Doc. 1, at 4). Lambert argues that this action is not barred by the statute of limitations because he attempted to file the complaint with Defendants on June 12, 2019, within two years of the alleged sexual assault that took place on September 28, 2017. (Doc. 15, at 1). As discussed above, the determination of the time at which a claim accrues is concerned with when Lamber knew or had reason to know of the injury that constitutes the basis of this action. *See Sameric Corp. of Delaware*, 142 F.3d at 599; *Kach*, 589 F.3d at 634. Upon consideration of the complaint, the Court finds that even if Lambert made several "attempts" to file a complaint with Defendants, his actions nevertheless indicate that he was aware that *an injury had occurred* when Officer Casteel initially declined to accept his complaint on June 12, 2019. (Doc. 1, at 4; Doc. 15, at 1). Therefore, given the two-year statute of limitations, the Court finds that Lambert's claims as they pertain to events that took place before August 5, 2020, are time-barred.

Accordingly, Defendants' motion to dismiss will be granted and Lambert's claims arising from alleged events that took place before August 5, 2020, will be dismissed with prejudice.

B. Due Process

Lambert's due process claims center on Defendants' failure to meet what Lambert believes to be his constitutional obligations. (Doc. 1, at 4). The claims include the failure to accept Lambert's complaint regarding the alleged sexual assault that took place on September 28, 2017, which Lambert attempted to file with the YCPD on multiple occasions from 2019 to 2022. (Doc. 1, at 4). These claims have no merit.

It is well established that the threshold issue presented by any § 1983 case is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution. *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Instit.,* 318 F.3d 473, 476 (3d Cir.2003). Here, Lambert proceeds upon a theory that he has a right to police officers accepting and investigating complaints, and that Defendants' failure to provide such services resulted in violence to his property by virtue of future third-party criminal conduct. (Doc. 1, at 4; Doc. 15, at 1-4). Lambert's theory is misguided and has no basis in law.

The due process clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. X IV, § 1. "[N]othing in the language of the Due Process Clause itself requires the State to *protect* the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989) (emphasis added). The Third Circuit and other courts of appeals, however, "have adopted a 'state-created danger' exception to the general rule that the Due Process Clause imposes no duty on states to protect their citizens from private harm." *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 242 (3d Cir. 2016). The state-created danger theory "recognizes that a constitutional violation may

8

result 'when state authority is affirmatively employed in a manner that injures a citizen or renders him more vulnerable to injury from another source than he or she would have been in the absence of state intervention.'" *Burella v. City of Phila.*, 501 F.3d 134, 146-47 (3d Cir. 2007) (quoting *Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006)).

To state a due process claim under the state-created danger theory, a plaintiff must plead facts in support of the following elements:

> (1) "the harm ultimately caused was foreseeable and fairly direct," (2) "a state actor acted with a degree of culpability that shocks the conscience," (3) "a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions as opposed to a member of the public in general;" and (4) "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."

*Burella*, 501 F.3d at 154 (quoting *Bright*, 443 F.3d at 281).

The fourth element—the "affirmative act" element—is often the most hotly contested, as it is here. As the Third Circuit has stressed, "[i]t is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Bright*, 443 F.3d at 282. This requirement "serves an important purpose: to distinguish cases where government officials might have done more to protect a citizen from a risk of harm in contrast to cases where government officials created or increased the risk itself." *Morrow v. Balaski*, 719 F.3d 160, 186 (3d Cir. 2013) (Ambro, J., concurring). While the rule is easily stated, courts have struggled to "draw[ ] a line between an affirmative act and a failure to act." *L.R.*, 836 F.3d at 242. Rather than trying to distinguish between act and omission, the Third Circuit has explained, it is "useful to first evaluate the setting or the 'status quo' of the environment before the alleged

9

act or omission occurred, and then to ask whether the state actor's exercise of authority resulted in a departure from that status quo." *L.R.*, 836 F.3d at 242. This "helps to clarify whether the state actor's conduct 'created a danger' or 'rendered the citizen more vulnerable to danger than had the state not acted at all.'" *L.R.*, 836 F.3d at 242 (quoting *Bright*, 443 F.3d at 281).

Here, the complaint does not contain any allegations of affirmative conduct by Officer Casteel that caused Lambert harms. Lambert claims only that Officer Casteel refused to take his complaint and sternly asked Lambert to leave. (Doc. 1, at 4). The Third Circuit has repeatedly held that an alleged failure *to do something*, standing alone, cannot be the basis for a state-created danger claim. *See, e.g.*, *Burella*, 501 F.3d at 146-47 (police officers' failure to intervene in domestic-violence situation did not satisfy element four). Thus, the Court finds that Lambert's claim is an allegation of omission, a claim of inaction and not action, which does not satisfy the state-created danger theory of liability.

Because Defendants have no constitutional obligation to provide the services Lambert demands, and Lambert has no right to such services, his complaint fails to state a constitutional claim upon which relief may be granted. *See Brown,* 318 F.3d at 477 ("The [Due Process] Clause was intended to 'protect the people from the State, not to ensure that the State protected them from each other.'"); *Horton v. Flenory,* 889 F.2d 454, 457 (3d Cir. 1989) ("*DeShaney* certainly stands for the harsh proposition that even though state officials know that a person is in imminent danger of harm from a third party, the fourteenth amendment imposes upon those state officials no obligation to prevent that harm."); *Jones v. City of Phila.,* 185 F. Supp. 2d 413 (E.D. Pa. 2001) (dismissing for failure to state a claim plaintiff's

substantive due process cause of action alleging police officers observed assault on plaintiff but did nothing to aid her); *803 *Palma v. Borough of Lansdale,* Civ. A. No. 89-4647, 1991 WL 91557, at *7 (E.D. Pa. May 28, 1991) ("Thus to the extent that plaintiff's complaint is based on the failure of Borough officials, and especially Borough police officers, to protect [plaintiff], MAP Towing, and its employees from irate automobile owners, the complaint does not state a valid due process violation.").

Accordingly, Defendants' motion to dismiss will be granted and Lambert's due process claims will be dismissed without prejudice.

## C. MONELL CLAIMS

Finally, Defendants move to dismiss Lambert's claims against YCPD, arguing that YCPD is not a suitable entity. (Doc. 14, at 7). In addition, Defendants argue that any proposed amendment of the complaint to substitute the City of York for YCPD would be futile because Lambert fails to allege any facts to suggest the existence of a municipal policy or practice that caused him injury. (Doc. 14, at 9). Lambert does not respond to Defendants' arguments on this issue. (Doc. 15).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that local governments are "persons" and are subject to suit under § 1983. Following *Monell*, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Johnson*, 834 F. Supp. at 878-79. Similarly, judges within the Third

11

Circuit have concluded that a police department, such as YCPD here, is merely a subunit of the local government and is not, itself, amenable to suit under § 1983. *See, e.g., Terrell v. City of Harrisburg Police Dep't*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); *Holland v. Pocono Reg'l Police Dep't*, 3:13-CV-1406, 2013 WL 3973080, at *13 (M.D. Pa. July 31, 2013), *report and recommendation adopted*, 2013 WL 3973080 at *1; *Golya v. Golya*, No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007). Following this authority, YCPD is not a proper defendant in this case and, therefore, must be dismissed with prejudice.

Consistent with the practice of the Third Circuit, the Court will construe Lambert's claims as against the City of York. *See Loomis v. Montrose Borough Police Dep't*, No. 3:20-CV-1610, 2021 WL 2865290, at *3 n.3 (M.D. Pa. July 8, 2021) ("For purposes of *Monell* policy, custom or practice liability under Section 1983, complaints involving claims against a municipal department (such as a police department) should name the municipality as the proper party defendant") (citing *Sorrells v. Phila. Police Dep't*, 652 F. App'x 81, 82 (3d Cir. 2016) (nonprecedential), *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997)). The City of York, as a local government, is considered a "person" for purposes of Section 1983 liability. *Monell*, 436 U.S. at 690. But such entities may not be held liable in a Section 1983 suit for conduct of their employees under a theory of *respondeat superior* liability. *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 692); *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991). Municipal liability only arises when a government causes an employee to violate another's constitutional rights by an official

12

custom or policy. *Monell*, 436 U.S. at 690-94; *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). To establish liability under *Monell*, a plaintiff must identify the challenged policy or custom, demonstrate proper attribution to the public entity, and show a causal link between the execution of the policy or custom and the injury suffered. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

A policy exists when a decisionmaker possessing final authority to establish public policy with respect to the disputed action issues an official proclamation, policy, or edict. *Natale*, 318 F.3d at 584 (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). By contrast, a custom is an act that is not formally approved but is nonetheless "so widespread as to have the force of law." *Natale*, 318 F.3d at 584 (quoting *Bryan Cty.*, 520 U.S. at 404). A plaintiff may also establish municipal liability by demonstrating that a policymaker failed to take affirmative action despite an obvious need to correct the "inadequacy of existing practice [which is] so likely to result in the violation of constitutional rights" that inaction exhibits "deliberate indifference" to the need. *Natale*, 318 F.3d at 584 (quoting *Bryan Cty.*, 520 U.S. at 417-18).

A government entity exhibits deliberate indifference when it "disregard[s] a known or obvious consequence of [its] . . . action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015). Failure to train amounts to deliberate indifference when it causes a pattern of cognate constitutional violations. *See Connick*, 563 U.S. at 62; *Kelly v. Borough of Carlisle*, 622 F.3d 248, 265 (3d Cir. 2010). Alleged training deficiencies must closely relate to the constitutional injury. *City of Canton v. Harris*, 489 U.S.

378, 391 (1989). The failure-to-act theory of liability is governed by the same causation principles. *See Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

Lambert's complaint is completely devoid of any facts to support a *Monell* claim. His allegations only assert YCPD "refused to take a complaint over a span of 3 ½ years." (Doc. 1, at 4). The complaint does not identify any policies adopted by YCPD that would apply in this case. Therefore, the complaint permits no inference that YCPD issued "an official proclamation, policy[,] or edict" permitting its officers to not accept the complaints at issue. *See Natale*, 318 F.3d at 584. Nor does Lambert state that noncompliance with said policies was prevalent, recurring, or silently sanctioned by municipal decision-makers. *See Natale*, 318 F.3d at 584. Even assuming YCPD had adopted a policy of not taking complaints under the circumstances present in this case, the complaint does not allege that Officer Casteel acted in accordance with this policy or that his compliance with the policy caused the alleged injury. (Doc. 1, at 4). Finally, Lambert's complaint lacks any description of training he believes YCPD should have provided, or that his injury was a "highly predictable consequence" of YCPD's failure to provide said training. *See Thomas v. Cumberland Cty.*, 749 F.3d 217, 225 (3d Cir. 2014) (quoting *Connick*, 563 U.S. at 64)).

Accordingly, Defendants' motion to dismiss will be granted, YCPD will be terminated from this action, and Lambert's *Monell* claims will be dismissed without prejudice.

D. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. ("An amendment is futile if the

14

amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.*" Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *see Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[A] district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Here, the Court found that Lambert's claims pertaining to events that took place before August 5, 2020, are time-barred by the Pennsylvania two-year statute of limitations and YCPD is not a proper defendant in this case. Therefore, such claims are dismissed with prejudice. However, the Court will grant Lambert leave to file an amended complaint, if he so desires, in an attempt to cure the deficiencies outlined herein as to Lambert's due process claims and as against the City of York under *Monell* regarding his alleged attempts at filing a complaint with YCPD after August 5, 2020. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson*, 293 F.3d at 108.

Lambert will be allowed an opportunity to file a single, unified, legible amended complaint setting forth factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants. The second amended complaint must be a pleading that *stands by itself without reference to the original complaint. Young v. Keohane,* 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). Further, the amended complaint must be "simple, concise, and direct" as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. It must also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred, albeit vaguely, in the original

15

complaint. All claims should be set out in individual, numbered counts. Failure to file an amended complaint in accordance with the aforementioned requirements will result in the dismissal of this action in its entirety.

## IV.  CONCLUSION

Based on the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. (Doc. 13).

An appropriate Order follows.

**Dated: June 30, 2023**                          *s/ Karoline Mehalchick*

                                                **KAROLINE MEHALCHICK**
                                                **Chief United States Magistrate Judge**

16