**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN LAMBERT,** | : | **CIV. NO. 1:22-CV-1220** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **ROSS CASTEEL,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.    Factual Background and Procedural History

This case comes before us for consideration of a motion to dismiss the *pro se* plaintiff's amended complaint. (Doc. 23). This case was referred to us on February 4, 2024, and upon review it is clear that we do not wrote upon a blank slate in this case.

Quite the contrary, this district court has already determined that Lambert's initial complaint failed to state a claim upon which relief may be granted and dismissed that complaint. (Docs. 18, 19). Thus, we are called upon to assess the legal sufficiency of Lambert's amended complaint. (Doc. 20). In undertaking this task, we are struck by two facts: First, it is evident that Lambert's claims continue to shift, evolve, and transmogrify over time. Thus, the gist of Lambert's initial complaint related to the failure of local police to follow up on his allegations that he was

sexually assaulted in the course of a 2017 emergency room encounter during which Lambert averred that FBI agents performed a rectal examination upon him. In stark contrast, Lambert's amended complaint asserts that an FBI agent forced him to undergo unnecessary eye surgery in June of 2022 and that local police have failed to aggressively pursue his allegations.

Second, we are constrained to observe that there is a recurring theme to these disparate allegations that the FBI is compelling Lambert to undergo invasive medical procedures and unnecessary ocular surgeries: The claims have the quality of things that are more imagined than real.

Nonetheless, based upon these extraordinary averments relating to the FBI, Lambert now sues a York City Police Officer, Ross Casteel. (Doc. 20). The gravamen of Lambert's latest allegations against Officer Casteel is that the officer has violated Lambert's substantive due process rights by exposing him to a state created danger.

With Lambert's latest allegations framed in this fashion, the defendant has filed a motion to dismiss this amended complaint. (Doc. 23). This motion is fully briefed and is, therefore, ripe for resolution.

For the reasons set forth below, the motion will be granted.

II.   **Discussion**

A. **Motions to Dismiss  Under Rule 12(b)(6)—Standards of Review.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First,
> the factual and legal elements of a claim should be separated. The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for
> overcoming a motion to dismiss and refined this approach in Iqbal. The
> plausibility standard requires the complaint to allege "enough facts to
> state a claim to relief that is plausible on its face." Twombly, 550 U.S.
> at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard
> when the factual pleadings "allow[ ] the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged." Iqbal,
> 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

> This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is against these legal guideposts that we assess the legal sufficiency of this complaint.

## B. **The State Created Danger Doctrine**

In its current form the gravamen of Lambert's amended complaint is an allegation that Defendant Casteel has violated his substantive due process rights and exposed him to a state created danger by failing to follow up on his various allegations that the FBI is indulging in physically invasive medical procedures and forcing him to undergo unnecessary eye surgeries. Lambert faces an exacting burden of pleading and proof in advancing this substantive due process, state created danger claim. As we have observed:

An important starting point for this kind of substantive due process analysis is recognition that the Supreme Court has found that the Due Process Clause "d[oes] not impose an affirmative obligation on the state to protect its citizens[.]" Bright v. Westmoreland Cty, 443 F.3d 276, 280 (3d Cir. 2006). On this score, the Supreme Court has stated:

> The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text.

DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L. Ed. 2d 249 (1989). As such, the minimal "affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." Bright, 443 F.3d at 280-81 (quoting DeShaney, 489 U.S. at 199-200, 109 S.Ct. 998). In other words, "DeShaney stands for the proposition that the Due Process Clause imposes no affirmative duty to protect a citizen who is not in state custody." Bright, 443 F.3d at 281.

However, DeShaney does not preclude the existence of constitutional violations where "state authority is affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to injury from another source than he or she would have been in the absence of state intervention.' " Bright, 443 F.3d at 281 (quoting Schieber v. City of Philadelphia, 320 F.3d 409, 416 (3d Cir. 2003)). The Third Circuit has accordingly recognized, but narrowly construed, the state-created danger doctrine as a carefully crafted and specifically defined exception to DeShaney's scope. Construed in this narrow fashion the four "essential elements" of the doctrine are as follows: (1) the harm ultimately realized must have been foreseeable and fairly direct; (2) a state actor must have acted with a degree of culpability that shocks the conscience; (3) there must have been a relationship between the state

actor and the plaintiff such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions; and (4) a state actor must have affirmatively used his or her authority in a way that created a danger to the citizen or caused the citizen to be more vulnerable to danger than had the state not acted at all. Id.

Vorobyev v. Wolfe, 638 F. Supp. 3d 410, 423–24 (M.D. Pa. 2022).

Thus, at the outset, an essential element to any state created danger claim is a showing that state actors were presented with some foreseeable future harm. On this score, the future harm potentially facing the plaintiff must be defined with a high degree of certainty.

In order to satisfy the first element of the state-created danger theory, the plaintiffs bear the burden of showing "that the harm ultimately caused was a foreseeable and fairly direct result of the state's actions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997). This requirement obligates the plaintiffs to adduce evidence demonstrating "an awareness on the part of the state actors that rises to the level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm." Phillips, 515 F.3d at 238.

Hamilton v. Spriggle, 965 F. Supp. 2d 550, 580 (M.D. Pa. 2013).

Confronted with this clearly foreseeable future harm, the state actor must affirmatively use his or her authority in a way that created a danger to the citizen or caused the citizen to be more vulnerable to that danger. In this regard, we have found that:

This is a particularly difficult element of the state-created danger test to prove, as courts have often noted. The Third Circuit has explained:

It is important to stress ... that under the fourth element of a state-created danger claim, "[l]iability under the state-created danger theory is predicated upon the states' affirmative acts which work to the plaintiffs' detriments in terms of exposure to danger." D.R. by L.R. v. Middle Bucks Area Vo. Tech. School, 972 F.2d 1364, 1374 (3d Cir.1992) (en banc) (emphasis supplied); Brown v. Grabowski, 922 F.2d 1097, 1100–01 (3d Cir.1990) (finding that DeShaney [v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) ] holds "that a state's failure to take affirmative action to protect a victim from the actions of a third party will not, in the absence of a custodial relationship ... support a civil rights claim"). It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause.

Bright v. Westmoreland County, 443 F.3d 276, 282 (3d Cir.2006). The Third Circuit has acknowledged that drawing a distinction between action and inaction is not always clear or easy. See D.R., 972 F.2d at 1374. However, the appeals court has emphasized that "we have never found a state-created danger claim to be meritorious without an allegation and subsequent showing that state authority was affirmatively exercised." Bright, 443 F.3d at 282. …. [T]he Third Circuit held that a plaintiff must establish three elements in order to show an affirmative act by state officials to satisfy the state-created danger test: (1) a state actor exercised his or her authority; (2) the state actor took an affirmative action; and (3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all. Ye v. United States, 484 F.3d 634, 639 (3d Cir.2007).

Hamilton, 965 F. Supp. 2d at 593–94.

These legal tenets serve as the guideposts for our evaluation of Lambert's amended complaint.

## C. __The Amended Complaint Will Be Dismissed.__

Judged by these benchmarks, Lambert's amended complaint continues to fail to state a substantive due process claim under the state created danger doctrine. At the outset, the factual premise underlying Lambert's various complaints—his assertion that the FBI has engaged in a far-reaching pattern of physical, sexual, and medical abuse of the plaintiff spanning five years—is plainly more fantastic than foreseeable. Thus, the amended complaint is subject to dismissal because it presents a cause of action that "relies on 'fantastic or delusional scenarios.'" DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Furthermore, we are obliged to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.' There is no question that [these] claims meet this standard, as they rely on fantastic scenarios lacking any arguable factual basis." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)) (internal citations and quotation marks omitted).

Moreover, the fantastic nature of Lambert's underlying allegations about physical and sexual abuse at the hands of the FBI wholly undermine any state created danger claim that Lambert may wish to level against Officer Casteel. At the outset, the well-pleaded facts alleged by Lambert simply do not support an inference that Officer Casteel had actual knowledge of or an awareness of a sufficiently concrete foreseeable risk to Lambert's safety. Quite the contrary, it appears that Lambert was reporting what he believed to be past incidents, and not foreseeable future harms. Furthermore, the nature of these allegations made by Lambert described matters that were more fantastic rather than foreseeable. Therefore, Lambert's state created danger claim fails on the first element of any such claim—the existence of a readily foreseeable, concrete future harm to the plaintiff.

This state created danger claim also founders on the final element of any such claim, since Lambert has not alleged facts which would permit an inference that Officer Casteel took some affirmative act which led to a state created danger. Quite the contrary, Lambert's complaint seems premised upon an alleged failure to act; that is, the failure of the local police to aggressively investigate the strange scenarios of past abuse by the FBI which he reported to them. Since a state created danger claim must be based upon some affirmative act by state officers, these averments of police inaction when presented with what were facially incredible claims by Lambert

simply do not satisfy the elements of the state created danger, substantive due process doctrine.

## III.   <u>Conclusion</u>

Simply put, Lambert's state created danger claim, which rests upon scenarios that are more imagined than real, continues to fail as a matter of law. Therefore, Lambert's amended complaint will be dismissed. We are mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary because amendment would be futile or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, Lambert was provided leave to amend but to no avail. Lambert's amended complaint still fails to state a claim upon which relief may be granted and the flaws in this pleading are so persistent and profound that they cannot be corrected through any more artful form of pleading. Therefore, the amended complaint will be dismissed with prejudice.

An appropriate order follows.

<u>*S/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATED: February 12th, 2024